IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:05 CV 2605 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE McHARGH |
| v. | ) | |
| | ) | |
| ANNETTE GUY | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |

Defendant Annette Guy has filed a series of motions against the United States of America ("Government"): (1) a July 28, 2006 *Motion to Dismiss*; (2) a July 11, 2006 *Motion to Compel Discovery*; and (3) a July 11, 2006 *Motion for Default Judgment*. Upon review of these motions, the Court finds that they are without merit. As such, they are all hereby DENIED. Each motion is addressed in detail below.

## I. GUY'S *MOTION TO DISMISS*

On July 28, 2006, Guy filed a *Motion to Dismiss* on three bases: (1) lack of jurisdiction and improper venue; (2) the Government's failure to investigate its claims against her pursuant to 31 U.S.C. §3730(a); and (3) the Government's failure to respond to her January 24, 2006 Motion to Dismiss and Judge Polster's ruling on said motion. The Court rejects all of these arguments and DENIES Guy's *Motion to Dismiss*.

Guy's jurisdictional argument is untimely and, therefore, the merits of said argument need not be addressed. Fed. R. Civ. P. 12(h) states in pertinent part:

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Guy contends, "The Court has never addressed the issue of jurisdiction and venue although it was raised (addressed by Defendant) in the answer to the Plaintiff's complaint."  First, the Court wishes to explain that by raising a defense in an answer, a defendant is merely preserving that defense for use at a later time.  A court need not make a ruling based on an affirmative defense set forth in an answer unless it is brought to its attention by means of a motion.  Second, upon re-reviewing Guy's *Answer*, it is clear to the Court she failed to preserve her jurisdictional argument.  Guy never raised jurisdiction, improper venue, or improper service of process as an affirmative defense in her *Answer*; she merely denied the Government's assertion that jurisdiction and venue were proper.  Moreover, the jurisdictional denial Guy set forth in her answer was based solely on the Government's failure to conduct a hearing and the expiration of the statute of limitations.  Absolutely no allegation was put forth about improper service of process.  The Court finds Guy has waived this defense and, therefore, dismissal on this basis is not warranted.

Next, Guy seeks dismissal based on the Government's failure to investigate its claims against her pursuant to 31 U.S.C. §3730(a).  However, she has offered nothing but supposition and conclusory allegations in support of this argument.  Moreover, her attempt to use this contention as a means of arguing the Court erred in partially granting the Government's *Motion for Summary Judgment* and applying collateral estoppel to this case lacks logic.  The collateral estoppel issue (which concerned proceedings before the MSPB) had nothing to do with any investigation the Government did or did not conduct prior to bringing forth its False Claims Act cause of action.  Because Guy has offered nothing but groundless conclusions in seeking dismissal on this basis, the Court finds dismissal would be inappropriate.

Lastly, Guy, yet again, points to Judge Polster's January 30, 2006 ruling on her January 24,

2006 *Motion to Dismiss* and the Government's "failure" to respond to said motion in support of her assertion all claims against her should be dismissed. The court has already addressed the issue of the insignificance of the Government not filing a response to her *Motion to Dismiss*, and will not do so again. Guy, now, also attempts to attack Judge Polster's ruling on the basis that he did not address all of the allegations she set forth in the motion, choosing only to rule on her statute of limitations argument. The Court recognizes Guy did raise other issues, including: (1) denial of a hearing pursuant to 31 U.S.C. §3808(a); (2) the Government's falsification of her bi-weekly pay stubs; (3) the Government's use of false and inconsistent information (*i.e.*, the VA claiming she worked 1357 hours of overtime and while the Government alleges she worked only 1292); (4) the permission she received from Julietta Lewis to perform her overtime duties during regular work hours, and to perform her regular duties during overtime hours; (5) the inaccuracy of the VISTA system in comparison to the Lanier System; and (6) the VA's retaliation against her for asserting allegations of racism. Regardless of Judge Polster's ruling, all of the above issues have been addressed by this Court. Indeed, the Court set forth a detailed *Memorandum Opinion* on July 7, 2007 that addressed each and every one of the above-listed issues. Therefore, Guy was not a victim of "harmful error" as alleged. Moreover, simply because she denied the Government's factual allegations and alleged an improper motive on its part (all mostly without supporting evidence) does not necessitate the conclusion that all claims against her should be dismissed. It merely establishes possible issues of fact that must be addressed at trial (subject to the Court's ruling on the Government's *Motion for Summary Judgment* and the application of collateral estoppel). Thus, her contention that her attachment of Julietta Lewis's affidavit to her motion somehow should have resulted in dismissal of the claims against her is misguided.

Based on all of the above, the Court DENIES Guy's *Motion to Dismiss*.

## II.  GUY'S *MOTION TO COMPEL DISCOVERY*

On July 11, 2006, Guy filed a *Motion to Compel Discovery* seeking documents she alleges the Government relied upon in filing its *Supplemental Trial Brief*, *Motion for Summary Judgment*, and *Response to Defendant's Motion to Dismiss and Motion for Summary Judgment*.  First, this motion is untimely.  According to Local Rule 37.1, the latest point in which a motion to compel may be filed ten days after the discovery cut-off date.  In the present case, the discovery cut-off date was April 13, 2006 (ECF #10).  Because almost ninety days separate the discovery deadline and the date in which Guy's *Motion to Compel Discovery* was filed, it is untimely and, therefore, not properly before the Court.

Regardless, it is clear from the content of said motion that Guy has been provided with all the documents the Government relied upon in filing the above-listed motions. The "Related document(s) __," indicator in the docket entries Guy has focused on does not, as she contends, address the number of documents attached to the motion or brief.  It is merely a reference to a corresponding document that has already been filed with the Court.  Thus, in the case of the Government's *Response to Defendant's Motion to Dismiss and Motion for Summary Judgment*, where the docket entry reads, "Related document(s) 24," the number 24 is the docket entry number that corresponds with Guy's *Motion to Dismiss in the Alternative Summary Judgment Motion for Leave to Move for Summary Judgment*.  Guy's motion lacks merit as the Government has complied with the Rules and provided all the necessary attachments to Guy.  Guy's untimely *Motion to Compel Discovery*, therefore, is DENIED.

As to her contention that, "As a matter of fact none of the trial issues were discussed at final

pretrial and there is no discussion regarding what evidence would and would not be accepted at trial," the Court finds that if Guy wishes to have certain evidence excluded from trial, the proper manner in which to go about this is by filing a Motion *in Limine*.  It is not the job of the Court to go through each piece of evidence during final pretrial and determine whether it will be admissible during trial, especially when a party has failed to make any indication as to any objection she might have to said evidence.  This baseless argument, therefore, also is rejected.

### III.  GUY'S *MOTION FOR DEFAULT JUDGMENT*

Guy's July 11, 2006 *Motion for Default Judgment* is also DENIED.  First, default judgment is a manner of relief provided solely for the individual who has filed claims against another party. *See* Fed. R. Civ. P. 55(a).  Thus, a defendant cannot seek default judgment against a plaintiff regarding the claims that plaintiff filed against her.  Second, the Court has already deemed the arguments raised in this motion meritless, as they are the same arguments raised in Plaintiff's July 28, 2006 *Motion to Dismiss*, which the Court denied above.

### IV. DECISION

Defendant Annette Guy's July 28, 2006 *Motion to Dismiss*, July 11, 2006 *Motion to Compel Discovery*, and July 11, 2006 *Motion for Default Judgment* are DENIED.

s/ Kenneth S. McHargh<br>
Kenneth S. McHargh<br>
United States Magistrate Judge

Date: July 31, 2006