IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO. 1:05 CV 2605 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE McHARGH |
| v. | ) | |
| | ) | |
| ANNETTE GUY | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

On July 21, 2006, Defendant Annette Guy filed an *Objection to Magistrate's Decision on Defendant's Motion to Dismiss or in the Alternative Summary Judgment.* Guy has failed to delineate the Federal Rule pursuant to which she seeks to bring forth her *Objection*. Nevertheless, as she seeks relief from the Court's prior July 7, 2006 decision, the Court will treat it as a motion for reconsideration pursuant to Fed. R. Civ. P. 59 and/or 60. Upon review, the Court sees no merit in the position Guy takes in her *Objection*. As such, for the following reasons, the Court hereby DENIES Guy's *Objection to Magistrate's Decision on Defendant's Motion to Dismiss or in the Alternative Summary Judgment.*

As noted by the Sixth Circuit, "motions to reconsider [are] nowadays correctly styled [as] either motions for new trial or motions to alter or amend judgment," brought pursuant to Fed. R. Civ. P. 59. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998); *see also Armco, Inc. v. EPA*, 124 F. Supp. 2d 474, 479 (N.D. Ohio 1999). Motions filed pursuant to Fed. R. Civ. P. 59, however, must "be filed no later than 10 days after entry of judgment." *See* Fed. R. Civ. P. 59(b). Because this motion was filed within the ten days of the Court's July 7, 2006 *Memorandum Opinion*,

the Court will consider Guy's assertions under this rule.[1] Fed. R. Civ. P. 59 states in pertinent part:

> A new trial may be granted to all or any of the parties and on all or part of the issues ... in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of new judgment.

The Sixth Circuit has concluded that to bring a successful motion under this rule, the moving party must establish the existence of an intervening change in controlling law, newly discovered evidence, or any manifest injustice. *See Camper v. Fed. Express Corp.*, 211 F.3d 1268, 2000 WL 420677, *2 (6th Cir. April 11, 2000) (Table); *see also GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804, 833-34 (6th Cir. 1999). Guy challenges the Court's collateral estoppel ruling by raising three arguments regarding the validity of MSPB Administrative Judge ("AJ") Scott Cooper's decision, contending: (1) the VISTA log currently relied upon by the Government is different from that used by AJ Cooper, (2) there is a discrepancy regarding the amount of overtime pay Guy received during the relevant time; and (3) Guy did not have a full and fair opportunity to litigate before the MSPB because (a) she was unable to appeal the decision due to her failure to follow proper appellate procedure, (b) she did not participate in the case management conference, final pretrial or any other proceedings before the MSPB, and (c) AJ Cooper did not allow the testimony

---

[1] Guy manages to satisfy this ten day limitation due to the time computation guidelines set forth in Fed. R. Civ. P. 6. The Court recognizes that Guy, in actuality, is challenging is its July 3, 2006 collateral estoppel ruling, which addressed the Government's *Motion for Summary Judgment and Motion in Limine*, rather than its July 7, 2006 ruling on her *Motion to Dismiss, in the Alternative Summary Judgment Motion for Leave to Move for Summary Judgment*. Although the July 3, 2006 ruling falls outside the ten day limitation set forth in Rule 59, the Court will give Guy the benefit of the doubt and consider her motion under this rule, which presents a more lenient burden than that under Rule 60.

of Julietta Lewis or Tanya Watson.[2]

The Court, first, notes that if Guy seeks to challenge AJ Cooper's decision, this Court is not the appropriate forum in which to do so. Indeed, it is not this Court's duty to evaluate the purported errors Guy believes AJ Cooper made in upholding her termination. Only a court holding appellate jurisdiction over this MSPB decision may perform that task. Guy has indicated her intent to file an appeal of a decision, but the reasons offered for her failure to do so are vague and nearly incomprehensible. Regardless, her unfulfilled intent to appeal has little to no bearing on whether this Court can and/or will take on the role of reviewing a decision by a MSPB administrative judge.

Second, Guy has improperly raised defenses in her motion for reconsideration that she did not set forth in her May 18, 2006 *Motion to Dismiss, in the Alternative Summary Judgment Motion for Leave to Move for Summary Judgment*. Specifically, Guy never made any allegations of a discrepancy between the VISTA report the Government is currently relying upon and the report from AJ Cooper's hearing, nor did she make mention of AJ Cooper's failure to allow Tanya Watson to testify. Rule 59 motions for reconsideration cannot be used to raise arguments which could, and should, have been made before the judgment was issued. *See Fed. Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986); *see also In re: Welding Fume Products Liability Litigation*, No. 1:03-cv-17000, 2005 WL 1123657, *2 (N.D. Ohio May 2, 2005); *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993) ("Ordinarily Rule 59 motions for either a new trial or a rehearing are not granted by the District Court where they are used by a losing party to request the trial judge to reopen proceedings in order to consider a new defensive theory which could have been raised

---

[2]The Court has set forth the facts, in great detail, in previous decisions (*e.g.*, July 3, 2006 Memorandum Opinion (ECF #37); July 7, 2006 Memorandum Opinion(ECF #40)) and feels no need to do so, again, here.

during the original proceedings.") In raising these new issues, Guy is seeking to take a second bite at the apple and raise new defenses that should have been raised in her May 18, 2006 motion. As this is both unfair and unallowed, Guy's argument regarding Tanya Watson, especially considering Guy's failure to offer anything to establish the import of her testimony, is rejected.

Third, even considering Guy's remaining arguments despite the conclusions the Court has reached above, the Court sees no legitimate basis to alter its prior decision. The Court rejects Guys allegations regarding the VISTA log as she has failed to offer any proof in support of her allegations, such as the pages from the VISTA log which address the days at issue, other than her own unsubstantiated conclusions. Moreover, even if Guy sufficiently proved the discrepancy between AJ Cooper's decision and the VISTA log the Government seeks to use in the present litigation, the Court's previous ruling would merely bring into question, and possibly prevent, the Government from using the current copy of the VISTA log. Indeed, resolution of this problem would not be reached by vacating the Court's collateral estoppel ruling. That being said, both parties must note that the doctrine of collateral estoppel is binding on all parties, including the party asserting it. The Court concluded the doctrine barred anyone from re-litigating the issue of whether the VISTA records show Guy spent only 325 hours entering records into the system. If the VISTA records the Government seeks to use support a contrary conclusion, the Court will address the problem accordingly at trial.

There is also no merit in Guy's contention she was not given an opportunity to fully and fairly litigate the issues currently before the Court because AJ Cooper did not allow the testimony of Julietta Lewis. Indeed, contrary to Guy's assertion, the record indicates AJ Cooper did allow Julietta Lewis to testify, he simply found her testimony to be incredible and, thus, did not rely upon

it in reaching his determination (MSPB Hearing Transcript, pp. 172-226, 292-93). Additionally, a copy of the transcript of the proceeding before AJ Cooper indicates Guy was represented by counsel during the hearing and that her counsel was able to present evidence, and to call and cross examine witnesses on her behalf. Moreover, as Guy has failed to allege, let alone establish, the existence of an intervening change in controlling law, newly discovered evidence, or a manifest injustice, the Court stands by its prior decision that Guy was given and full and fair opportunity to litigate the issues presented in the MSPB proceedings.

Lastly, Guy contends there is a discrepancy between the amount of overtime pay AJ Cooper concluded she received and the amount of overtime pay alleged by the Government. According to Guy, "The Plaintiff's complaint alleges that I earned over $17,000. Judge Cooper of the Merit System Protection Board ... alleges that I was paid over $25,000 in overtime pay. The amount of money alleged is neither identical or [sic] precise. Therefore, the Court erred as a matter of law by not allowing me to litigate the issue regarding the amount of overtime allegedly paid to Defendant." This allegation is totally false. The Government's complaint specifically states, "As a result of claims made by Defendant for overtime worked, the United States made payments in excess of $25,000 to Defendant for the overtime she claimed to have worked at the VA Medical Center" (Government's Complaint, ¶10). There is no discrepancy between this allegation and AJ Cooper's determination by which Guy is bound. The $17,950 amount she has focused on is the amount of damages brought about by Guy's allegedly fraudulent behavior as measured by the Government (Government's Complaint, ¶15). Her argument, therefore, is rejected.[3]

---

[3]Guy has also brought forth arguments regarding the Government's purported failure to investigate as required under 31 U.S.C. §3730(a), the Court's lack of jurisdiction based on the Government's alleged failure to properly serve her with a summons, and Judge Polster's January

-5-

**CONCLUSION**

Based on the foregoing, the Court DENIES Defendant Annette Guy's *Objection to Magistrate's Decision on Defendant's Motion to Dismiss or in the Alternative Summary Judgment.*

s/ Kenneth S. McHargh<br>
Kenneth S. McHargh<br>
United States Magistrate Judge

Date: August 2, 2006

---

30, 2006 ruling. The Court, however, has already issued a ruling regarding these arguments, which, notably, Guy has made repeatedly.  In its July 31, 2006 *Memorandum Opinion*, the Court rejected these arguments and it does so, again, here.